Maria J. LUNDVALL, personally and as last friend, next friend, and best friend of Paul Lundvall, deceased, Plaintiff–Appellant,

v.

Ross E. ZUMWALT, personally and in his official capacity as Chief Medical Investigator of the State of New Mexico; Charlene Brown, David Winston, Dr. Martin, Jeff Von Klasen, and Amy Wyman, personally and in their official capacities as Medical Investigators, or as employees of the Medical Investigator of the State of New Mexico; The Office of the Medical Investigator of the State of New Mexico; James C. Purdy and Floyd Montoya, individually and as officers of the Valencia County Sheriff's Office; The Valencia County Sheriff, individually and in his/her official capacity; The Valencia County Sheriff's Office; Mike Runnels, individually and in his official capacity as District Attorney, Thirteenth Judicial District, State of New Mexico, Defendants–Appellees.

No. 01–2340.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 2002.

Maria J. Lundvall, Albuquerque, NM, for Plaintiff–Appellant.

Sean Olivas, Melanie Laura Frassanito, Keleher & McLeod, Albuquerque, NM, for Defendant–Appellee.

Before EBEL, LUCERO and O'BRIEN, Circuit Judges.

## ORDER AND JUDGMENT*

EBEL, Circuit Judge.

Maria J. Lundvall appeals pro se from the district court's dismissal of her claims against certain of the defendants in this

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

action under 28 U.S.C. § 1983. Ms. Lundvall alleges that her son, Paul Lundvall, was murdered by persons not parties to this action who were involved in drug-related gang activity. The various defendants to this action (collectively "the Defendants") evidently concluded, contrary to Ms. Lundvall's belief, that Mr. Lundvall's death was a suicide. Ms. Lundvall's § 1983 suit alleges that the Defendants falsified evidence and covered up the true circumstances of her son's death in order to protect their own interests. Specifically, she alleges that the Defendants violated her constitutional rights to associate with her family members, to access the courts, and to an investigation of her son's death. She also alleges that the Defendants committed the state torts of improper handling of a body, defamation, and tort per se.

Four of the defendants—the Valencia County Sheriff's Office, the Valencia County Sheriff, Floyd Montoya, and James C. Purdy—moved to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion, and Ms. Lundvall now appeals.

Although not raised by the parties, we address *sua sponte* our jurisdiction to hear this appeal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1288 (10th Cir.2001). With certain exceptions not applicable here, our jurisdiction is limited to appeals from "final decisions." 28 U.S.C. § 1291. A decision is not final "which adjudicates ... the rights and liabilities of fewer than all the parties." Fed.R.Civ.P. 54(b). Here, Ms. Lundvall's suit is against twelve different defendants, but her appeal is from an order dismissing all of her claims

against only four of those defendants. It does not appear from the record that the district court has expressly directed the entry of final judgment as to these defendants, thereby certifying its order as immediately appealable pursuant to Rule 54(b). Accordingly, we lack jurisdiction to hear this appeal. *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002).[1]

For the foregoing reasons, the appeal is DISMISSED.

1. Plaintiff was twice (on August 16, 2002, and on September 23, 2002) ordered to file with this court a certified copy of the district court order granting certification under Rule 54(b) or adjudicating the remaining claims, and she has failed to respond to either order. On September 23, 2002, plaintiff was further ordered to file an explanation with the court why she failed to respond to the order of August 16, 2002. Again, she failed to respond.